**L. MILES LEBARON (#8982)**
**MELINDA C. HIBBERT (#6098)**
**LEBARON & JENSEN, P.C.**
**1513 North Hill Field Rd., Ste. 1**
**Layton, Utah 84041**
**Telephone: 801-773-9488**
**Facsimile: 801-773-9489**
miles@lebaronjensen.com
melinda@lebaronjensen.com
*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF UTAH

| | |
|---|---|
| **MARIA CALZADA and MANUELA ROSALES, on behalf of the ESTATE OF JOSE CALZADA;**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**ROY CITY, et al.;**<br><br>**Defendants.** | **PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO SUBMIT AN OVERLENGTH MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br><br>**Case No. 1 : 16-cv-165**<br><br>**District Judge David Nuffer** |

Plaintiffs, Maria Calzada and Manuela Rosales, on behalf of the Estate of Jose Calzada, by and through counsel, respectfully submit this Expedited Motion for Leave to File an Overlength Memorandum in Opposition to Defendants' Motion for Summary Judgment (hereinafter the "Memorandum in Opposition") as follows:

Plaintiffs' Memorandum in Opposition is due by July 3, 2019. This Court

granted Defendants' Motion For Leave To Submit An Overlength Motion for Summary Judgment (hereinafter the "Motion for Leave") subsequently followed by Defendants' filing a 59-page Motion for Summary Judgment. Plaintiffs have been preparing a Memorandum in Opposition in response to Defendants' overlength Motion for Summary Judgment. However, as a result of Defendants' 59-page motion and 132 alleged undisputed facts contained therein, Plaintiff is unable to prepare a proper Memorandum in Opposition within the 40 page limit set forth under Federal Rule of Civil Procedure 56 and DUCivR 7-1(e). Plaintiff requests that the Court increase the 40 page limit to 80 pages in this matter.

In their motion, Defendants have alleged 132 statements of undisputed material facts alone comprising roughly half of the pages in Defendants' 59-page motion. Under DUCivR 56-1 (c)(3), Plaintiff must include the verbatim language Defendant used to describe each alleged undisputed fact which Plaintiffs wish to dispute, in addition, Plaintiff must then provide a substantive response to each of these facts which remain in dispute.

Moreover, as Defendants correctly informed the Court in their expedited motion to file their overlength motion for summary judgment, Plaintiffs bring a Fourth Amendment claim alleging that the search of the Decedent's home was unconstitutional and that excessive force was used when Decedent was shot in the trunk of his car.

(Complaint, ¶¶ 100-113).  To determine whether Defendants action were unconstitutional the Court must examine the totality of the circumstances.1 The specific circumstances of the confrontation must be examined to evaluate these interests.2 Therefore, the Court must examine individual facts related to each of the thirteen Defendants and related to the Decedent to determine whether Decedent's constitutional rights were violated when Defendants searched.

Therefore, Plaintiffs are currently preparing their responses to Defendants' 132 alleged undisputed facts. Plaintiffs have not yet determined whether Plaintiff will dispute all 132 of those facts. However, Plaintiff plans to respond to a substantial portion of those facts and Defendants' subsequent arguments set forth in their Motion for Summary Judgment.  In addition, in their opposition Plaintiffs are alleging numerous "additional material facts" with evidentiary citations, as allowed by DUCivR 56-1 (c)(4) to provide the Court with a more complete factual setting as the Court is required to look at the "totality of the circumstances." To do so will consume a substantial portion, if not all, of Plaintiffs' Opposition leaving little to no space for Plaintiffs' legal argument.

As such, 40 pages in which to respond will be inadequate for Plaintiff to properly

---

1 *Clark v. Colbert*, (10th Cir. 2018) 895 F.3d 1258, 1262 (*citing Thomson v. Salt Lake County*, (10th Cir. 2009) 584 F.3d 1304, 1313).
2 *Id.*

set forth its response to Defendants' Motion for Summary Judgment.

**WHEREFORE,** for these reasons, Plaintiffs respectfully requests that the Court increase the page limit of Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment from 40 pages to 80 pages.

**DATED and SIGNED this 1st day of June 2019.**

                                        **LeBaron & Jensen, P.C.**

                                        **/s/ Melinda Checketts Hibbert**
                                        **L. Miles LeBaron**
                                        **Melinda Checketts Hibbert**
                                        **Attorneys for Plaintiffs**

**L. MILES LEBARON (#8982)**
**MELINDA C. HIBBERT (#6098)**
**LEBARON & JENSEN, P.C.**
1513 North Hill Field Rd., Ste. 1
Layton, Utah 84041
Telephone: 801-773-9488
Facsimile: 801-773-9489
miles@lebaronjensen.com
melinda@lebaronjensen.com
*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF UTAH

| | |
|---|---|
| **MARIA CALZADA and MANUELA ROSALES, on behalf of the ESTATE OF JOSE CALZADA;**<br><br>Plaintiffs,<br><br>vs.<br><br>**ROY CITY, et al.;**<br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO SUBMIT AN OVERLENGTH MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1 : 16-cv-165<br><br>**District Judge David Nuffer** |

Based upon Plaintiffs' Motion for Leave to File an Overlength Memorandum in Opposition to Defendants' Motion for Summary Judgment and for good cause appearing:

**IT IS HEARBY ORDERED:** Plaintiffs are given leave to file an overlength Memorandum in Opposition to Defendant's Motion for Summary Judgment that is 80 pages or less.

Date this \_\_\_ day of July, 2019

_____

District Judge David Nuffer