L. MILES LEBARON (#8982)
MELINDA C. HIBBERT (#6098)
LEBARON & JENSEN, P.C.
1513 North Hill Field Rd., Ste. 1
Layton, Utah 84041
Telephone: 801-773-9488
Facsimile: 801-773-9489
miles@lebaronjensen.com
melinda@lebaronjensen.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARIA CALZADA and MANUELA ROSALES, on behalf of the ESTATE OF JOSE CALZADA;<br><br>    **Plaintiffs,**<br><br>vs.<br><br>ROY CITY, et al.;<br><br>    **Defendants.** | **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO AND MOTION TO STRIKE WITNESSES INCLUDED WITHIN DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**<br><br>**Case No. 1 : 16-cv-165**<br><br>**District Judge David Nuffer** |

Plaintiffs Maria Calzada and Manuela Rosales, on behalf of the Estate of Jose

Calzda (Plaintiffs,) by and through counsel, respectfully submit this response to

Defendants' Objection and Motion to Strike Plaintiffs' Experts[1] included within

Defendants' Reply in Support of Their Motion for Summary Judgment as follows:

I.    **Denise Brooks was disclosed in both Plaintiffs' Second and Third Supplemental Initial Disclosures and as such Defendants have had ample time to cross-examine or depose her.**

      Defendants object to Denise Brooks ("Ms. Brooks") as a witness on the grounds

that she was never disclosed as a witness in this matter in Plaintiffs' initial disclosures

or included in Plaintiffs' Interrogatory Answers. (*See* Defendants' Reply Memorandum

in Support of Their Motion for Summary Judgment at 17-18).  Defendants' assertions

are inaccurate and untrue.  Plaintiffs did include Ms. Brooks as an individual with

discoverable information together with her name, telephone number, address, and the

subject of Ms. Brooks' information under Fed. R. Civ. P. 26(a)(1)(A)(i) in Plaintiffs' Third

Supplemental Initial Disclosures as individual number 7 at page 3 (which Defendants'

attached as Exhibit 7 to their Appendix in support of their Reply).  Moreover, Plaintiffs

had also disclosed Ms. Brooks even earlier on February 22, 2019, in Plaintiffs' <u>Second</u>

Supplemental Initial Disclosures as individual number 7 at page 3.  (See Plaintiffs'

Second Supplemental Initial Disclosures dated and served February 22, 2019, attached

hereto as Exhibit A.) Not only did Plaintiffs disclose Ms. Brooks' name, telephone

---

[1] Plaintiffs note that "[m]options to strike evidence as inadmissible are no longer appropriate and should not be filed." DUCivR 7-1 (b)(1)(B), citing Fed. R. Civ. P.56(c)(2).  Therefore, Plaintiffs are filing this memorandum as a response to Defendant's Objections and have disregarded any of Defendants' references to Motion to Strike Witnesses – as should the Court.

number, address, and the subject of Ms. Brooks' information in their Second

Supplemental Disclosures, but also included with Plaintiffs' Second Supplemental

Initial Disclosures were the two pages (Bates Stamped Nos. 276-277, attached as Exhibit

B, hereto; see Certificate of Service at page 13 of Plaintiffs' Second Supplemental,

attached as Exhibit A, hereto) attached as Exhibit A to Ms. Brooks' Declaration attached

as Exhibit 9 to Plaintiffs' Appendix in support of Plaintiffs' Opposition to Defendants'

Motion for Summary Judgment.    As such, Ms. Brooks was disclosed well in advance of

Defendants' Motion for Summary Judgment and Plaintiffs' Memo in response to that

motion.

  Finally, Plaintiffs are not attempting to use Ms. Brooks as an expert, but only as a

fact witness in opposition to the motion for summary judgment.  Therefore, Plaintiffs

are confused by Defendants' objection and motion to strike experts (plural).  Regardless,

any objection to Ms. Brooks' testimony should be overruled.

  Defendants' failure to note that Ms. Brooks was disclosed as an individual with

discoverable information in either Plaintiffs' Second or Third Supplemental Initial

Disclosures does not preclude Ms. Brooks' testimony. Defendants have had ample time

in which they could have deposed or cross-examined Ms. Brooks since Plaintiffs'

disclosure of her several months ago.  None of Defendants' objections to Ms. Brooks'

testimony have any merit and the objections must be overruled.

## II. Federal Rule of Civil Procedure 26 does not require witnesses be included in a party's initial disclosures or to be disclosed before thirty (30) days

**before trial.**

Defendants also object that Plaintiffs objected and did not respond to

Defendants' Interrogatory Nos. 17 and 18 asking Plaintiffs to disclose their potential fact

and expert witnesses, their expected testimony, etc. (Defendants' Reply at 18; see also

Plaintiffs' Second Supplemental Response to Defendants' First Set of Interrogatories

and Request for Production of Documents, Answers 17 and 18, attached to Defendants'

Reply as Exhibit 8.)  Plaintiffs appropriately objected, in part, to these improper

interrogatories by stating that the interrogatories sought to "impose upon Plaintiffs

greater obligations than those allowed for in the Federal Rules of Civil Procedure,

especially Federal Rule of Civil procedure 26 and by the Court's Amended Scheduling

Order in that [they] seek[] to require Plaintiffs to divulge and/or prepare information,

documents and exhibits to be relied on earlier than required by Federal R. Civ. Pro 26

and by the Amended Scheduling Order in this matter; and … [they] seek[] information

protected from discovery by the attorney-client privilege and the attorney work product

doctrine."  (Id.)

Plaintiffs made these same objections, verbatim, without providing any response

in their original Responses to Defendants' First Set of Interrogatories and Request for

Production of Documents, Answers 17 and 18, attached hereto as Exhibit C.) Never did

Defendants challenge Plaintiffs' objections or request a meet and confer or in any way

suggest that Plaintiffs' responses were inadequate – until the instant objections to Ms.

Brooks' and Mr. Morris' testimony were made in Defendants' Reply.

Plaintiffs' objections to the interrogatories were, and are, appropriate in that Fed. R. Civ. P. 26(a)(i) requires that parties disclose only "each individual likely to have discoverable information" with their initial disclosures. There is no requirement that the parties disclose the witnesses that they may use at trial at any point in time throughout the entire discovery process. Rather, the disclosure of <u>fact</u> witnesses to be called at trial is dictated by Fed. R. Civ. P. 26(a)(3) which requires that such disclosures be "made at least 30 days before trial." Trial in this matter is not set until 2020.

Similar to the disclosure requirements of fact witnesses, Fed. R. Civ. P. 26(a)(i) does not require that expert witnesses be disclosed as part of a party's initial disclosures. Under Fed. R. Civ. P. 26(a)(2) expert witnesses must be disclosed "at the times and in the sequence that the court orders" – which in this case is set for 30 days after the court has ruled on Defendants' Motion for Summary Judgment.

In addition, Defendants object to Ms. Brooks' and Mr. Morris' testimony stating that "[i]f Plaintiffs wanted to use either testimony on summary judgment, they should have been disclosed before summary judgment so that Defendants could depose him [sic]." (Defendants' Reply at 18.) Such an argument ignores several critical facts: first, as set forth above, Ms. Brooks, an individual with discoverable information, <u>was</u> disclosed in February 2019; second, the deadline for expert disclosure is not until 30 days <u>after</u> ruling on the motion for summary judgment; and third, Plaintiffs are not

5

bringing the motion for summary judgment, nor could they know that Defendants would be bringing a motion for summary judgment and on what grounds.  Plaintiffs cannot be required to anticipate Defendants' litigation strategy and arguments else risk not being allowed to present expert opinion testimony to oppose a motion for summary judgment brought by Defendants.

Therefore, as set forth under Fed. R. Civ. P. 26 and the Court's Scheduling Order Plaintiffs were not required to disclose fact or expert witnesses whom Plaintiffs intend to call at trial along with their initial disclosures nor are they required to do so until well after the filing of Defendants' Motion for Summary Judgment or Plaintiffs' Memorandum in Opposition to that Motion. Therefore, any arguable non-disclosure of witnesses by Plaintiffs at this juncture does not preclude testimony for witnesses which Plaintiffs intend to use from testifying if disclosed appropriately under the relevant sections of Fed. R. Civ. P. 26(a) as discussed above.

### III.    Earl Morris meets the requirements of Federal Rule of Evidence 702 to qualify him as an expert witness in this matter.

First, Defendants allege that Earl Morris ("Mr. Morris"), according to Fed. R. Evid. 702, does not adequately state his knowledge, skill, experience, training, or education to testify in this matter because "Mr. Morris' "Declaration simply states that [he] has spent 38 years in law enforcement," and that "It does not state if he has any experience with SWAT or suicidal and intoxicated persons." (*See* Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment at 18). To the

6

contrary, and among other qualifications stated therein, his Declaration states that Mr. Morris is the former commander of the Utah Department of Public Safety Special Operations Unit (Morris Decl. ¶ 5, )which is essentially the State of Utah's SWAT (Special Weapons and Tactics) team, but is called by another name.  In his position as Commander of the Utah Department of Public Safety Special Operations Unit, Mr. Morris was responsible for the training and operations of this special operations unit. In addition, Mr. Morris has been certified in over twenty (20) different states on the issue of the use of force by law enforcement. (Morris Decl. ¶ 7).  In his role on the 2002 Salt Lake City Winter Olympics Law Enforcement Command, Mr. Morris was responsible for training SWAT operations for the Olympics. (See Morris Decl. ¶ 4.) In reaching his opinions, Mr. Morris declared that he had also reviewed a number of authorities of police tactics and procedures. (Morris Decl. ¶ 9). Mr. Morris has significant SWAT and Special Operations Experience (see Morris Decl. ¶¶ 2-7; see also Mr. Morris' Resume, Expanded Resume and Biographical Sketch, attached hereto as Exhibits D-F, respectively.) Clearly, Mr. Morris possesses more than adequate knowledge, skill, training, or education to opine as an expert in this matter. See Fed. R. Evid. 702.

Second, Defendants allege that even if Mr. Morris possesses the adequate qualifications under Fed. R. Evid. 702, his testimony should not be allowed because "he lacks personal knowledge." (Defendants' Reply Memorandum in Support of Their

Motion for Summary Judgment at 18). However, Defendants misinterpret Fed. R. Evid. 702 because there is no requirement that an expert have personal knowledge – only that he reliably applies the principles and methods on which he relies to the facts of this case.  Moreover, Mr. Morris states in his Declaration that he has reviewed supporting materials such as the police report and individual officer reports in this case. (Morris Decl. ¶ 8).

In addition to that requirement, FRE 702 outlines other requirements which a qualified expert must meet in order to testify as such. These are: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and [as already previously stated] (d) the expert has reliably applied the principles and methods to the facts of the case."

Mr. Morris meets each one of these requirements because first, he has adequate technical and specialized knowledge which he has acquired over his 38 years in law enforcement including his tenure with the Utah Department of Public Safety Special Operations Unit that will help the trier of fact understand evidence and determine a fact in issue. Second, his testimony is based on sufficient facts and data surrounding this matter. Third, he has participated in many law enforcement and SWAT operations and applied guiding principles to those situations throughout his law enforcement career.

Finally, as already discussed, because of his extensive experience and knowledge in similar matters to this case, he can reliably apply law enforcement principles and methods to the facts here as he has done in the past in other matters.

Finally, Defendants attempt to exclude Mr. Morris' testimony by improperly construing his Declaration as attempting to "establish what is required to show a Fourth Amendment or Constitutional violation." (*See* Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment at 18). Neither Mr. Morris' Declaration nor Mr. Morris himself, attempt to establish requirements to show a Fourth Amendment or Constitutional violation. Mr. Morris, based on his years of experience and training and in conjunction with his review of various authorities regarding the use of force, is simply opining that tactically, the way in which Defendants handled the situation was inappropriate and that other tactical options were more appropriate and known to the Defendants. By stating such, Mr. Morris does not "attempt to establish legal parameters within which the jury must exercise its fact-finding function." *Specht v. Jensen*, 853 F.2d 805, 809-10 (10th Cir. 1988). At most his testimony creates a dispute of fact to demonstrate that other tactical options were available and more appropriate given the circumstances.

Furthermore, Defendants' objection that they have not had the opportunity to cross-exam or depose Mr. Morris, an expert, is not well taken.  Defendants have never sought or requested to take Mr. Morris' deposition even since Defendants received his

expert declaration testimony on July 3, 2019.   Defendants have communicated with Plaintiffs several times since July 3, but never in any of these conversations or communications was any mention made of Mr. Morris, the alleged inadequacies of his declaration testimony or of Defendants' desire to depose him.  Rather, Defendants requested an additional 17 days (from July 23 to August 9, 2019) to reply to Plaintiffs' opposition to the motion for summary judgment, which Plaintiffs graciously and readily stipulated to, and which the Court granted on July 17, 2019.   Had Defendants desired to take Mr. Morris' deposition prior to filing their reply, they could have easily done so – and, if they were feeling pressed for time, they could have asked for even more time to file their in order to depose Mr. Morris to which Plaintiffs also would have stipulated, but apparently they chose not to do so and now Defendants just seek to throw out Mr. Morris' expert opinion testimony because they didn't depose him.

In sum, Mr. Morris' Declaration as an expert opinion testimony is appropriate and should be allowed because he meets the requirements outlined in Fed. R. Evid. 702 and does not attempt to establish requirements that a jury must follow in determining if a Fourth Amendment or Constitutional violation occurred. (*See* Committee Notes on Fed. R. Evid. 702 – 2000 Amendment quoting *United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi,* 80 F.3d 1074, 1078 (5th Cir. 1996) ("A review of the caselaw after Daubert shows that the rejection of expert testimony is the exception rather than

the rule.")).  Clearly, Mr. Morris' testimony should be allowed and Defendants'

objections overruled.

## CONCLUSION

For the foregoing reasons, the testimony of both Denise Brooks and Earl Morris

should be allowed and Defendants' objections to their testimony should be overruled in

their entirety.


Dated this 16th day of August 2019.



**/s/ L. Miles LeBaron**
**L. Miles LeBaron**
**Melinda Checketts Hibbert**
**Attorneys for Plaintiffs**


## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2019, I delivered a copy of the

foregoing *PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO AND*

*MOTION STRIKE WITNESSES INCLUDED WITHIN DEFENDANTS' REPLY IN*

*SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT* via the Court's

electrionic filing system to the following:

Frank D. Mylar
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121

mylar-law@comcast.net

/s/ Linda Evans

12